UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES N. TRIPI,

        Plaintiff,

v.                                             Case No. 17-cv-500-pp

ROUNDY'S SUPERMARKETS INC.,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND TO APPOINT COUNSEL (DKT. NO. 3), AND REQURING PLAINTIFF TO FILE AN AMENDED NON-PRISONER REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

        The plaintiff, who is representing himself, filed a complaint against the defendant, who allegedly refused to hire him on August 8, 2016 after the plaintiff said he would need reasonable accommodations. Dkt. No. 1. Along with the complaint, the plaintiff filed a dismissal and notice of rights from the Equal Employment Opportunity Commission, dated January 3, 2017. Id. at 6. The plaintiff also filed a Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3. Because the plaintiff has provided incomplete financial information, the court will deny without prejudice his motion to proceed without prepaying the filing fee. The court also will deny without prejudice his motion for appointment of counsel.

## I. Motion to Proceed Without Prepayment of the Filing Fee

A court may allow a plaintiff to proceed without prepayment of the filing fees if two conditions are met: (1) the plaintiff is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

The plaintiff's April 6, 2017 Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee is incomplete. In the request, the plaintiff stated that he is married, that his spouse is employed, and that they have two dependents (ages 15 and 18). Dkt. No. 2 at 1. In the field for monthly income, the plaintiff listed $79,104 and $1,592, but then crossed out those numbers and wrote "0." He listed his spouse's total monthly wages as $60,000, then crossed that out and wrote "$3,500 (estimate) (gross)." He reported receiving SSDA of $1,592 per month. The plaintiff has a monthly mortgage payment of $1,681.16, a car payment of $112.31 and other household expenses of $2,000. Although he stated that he has additional monthly expenses, he wrote the word "conceal" when asked to identify those expenses. The plaintiff reports owning a 2010 pickup truck that he values at $15,000 and a house valued at $250,000, but states that there is no equity in the home. He reports having $200 in cash, checking or savings accounts. At the end of the application, he stated, "I am on SSDA/SSI and my wife's income are separated. I am unable to pay for upfront fees based on my SS." Dkt. No. 4 at 2.

The court cannot determine, from this information, the plaintiff's financial situation. He says that his monthly disability payment is $1,592, but he lists expenses (the mortgage, the car and the "other" expenses) of $3,793.47—and that does not include the "concealed" expenses the plaintiff has refused to reveal. Clearly, he is not actually paying $3,793.47 a month out of his disability check. Perhaps his spouse pays all of the household expenses, and he does not contribute. If that is the case, he can pay the filing fee out of his disability check. The financial affidavit requires parties to provide their entire household income, including spousal income. The plaintiff does not explain why the court should not consider his household income—does he truly have no access to his spouse's income? Why not? Further, the affidavit requires parties to state truthfully, under oath, *all* of their income and expenses. A party cannot come to the court for help, ask to be relieved of the obligation to pay the filing fee, and then refuse to provide full and accurate information about that party's financial situation.

The court will give the plaintiff an opportunity to file an amended Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, to provide the court with full, accurate information in support of his request. If the plaintiff files an updated, accurate, complete Request, the court will determine whether the plaintiff must pay all or a portion of the filing fee and whether the case is "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II. Motion to Appoint Counsel

In a civil case, the court has discretion to decide whether to recruit an attorney for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on her own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Generally, in this district, a plaintiff is required to contact at least three attorneys in an effort to hire counsel on his own. A plaintiff must provide the court with the names of the attorneys he contacted as well as the dates of contact and copies of any letters the plaintiff received in response to the contact.

After the plaintiff makes that reasonable attempt to hire counsel, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id

Here, the plaintiff's motion contains one sentence: "I am requesting a court-appoint federal defend attorney at no charge." Dkt. No. 3. The plaintiff mentions a federal defender, but the court has the authority to appoint federal defenders only for people who are charged with *criminal* offenses. Federal defenders cannot represent plaintiffs in civil cases.

4

The plaintiff does not indicate whether he has tried to find a lawyer on his own. There are organizations that help people who can't afford to hire their own lawyers (such as the Legal Aid Society of Milwaukee and Legal Action of Wisconsin), and organizations who help people find lawyers who will represent them at reduced costs (the Milwaukee Bar Association's Lawyer Referral Service, www.milwbar.org, or 414–274–6768). The plaintiff must show the court that he has tried to find a lawyer on his own in order for the court to consider whether to appoint counsel.

Even if the plaintiff had tried to find a lawyer on his own and had demonstrated that to the court, the court would not grant his request at this time. The court has read the plaintiff's complaint, and understands what he has alleged. Right now, the only thing the court needs the plaintiff to do is to file an accurate, complete financial affidavit. Once he does that, the court will decide whether to allow him to proceed without paying the filing fee, and will screen his complaint. There is nothing for a lawyer to do for the plaintiff at this time.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **March 16, 2018**, the plaintiff must file an amended Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee. If the court does not receive the

amended request by the end of the day on March 16, 2018, the court will deny the plaintiff's request to proceed without prepaying the filing fee, and will require him to pay it by a date certain.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 26th day of February, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**